IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 18, 2000 Session

## STATE OF TENNESSEE v. GREGORY LYNN REDDEN

**Appeal as of Right from the Circuit Court for Williamson County**
**No. I-298-77     Donald P. Harris, Judge**

———

**No. M2000-00761-CCA-R3-CD - Filed December 29, 2000**

———

The appellant, Gregory Lynn Redden, pled guilty in the Williamson County Circuit Court to one count of burglary, a class D felony. The trial court sentenced the appellant as a Range III persistent offender to eleven years incarceration in the Tennessee Department of Correction. The trial court further ordered the appellant to serve this sentence consecutively to the appellant's unserved sentences imposed in Greene County, Missouri, in the United States District Court in the Northern District of Ohio, and in Robertson County, Tennessee. The appellant raises the following issue for our review: whether the trial court erred in ordering the appellant to serve his sentence in this case consecutively to his other sentences. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL, J., joined, ROBERT W. WEDEMEYER, not participating.

C. Diane Crosier, Franklin, Tennessee, for the appellant, Gregory Lynn Redden.

Paul G. Summers, Attorney General and Reporter, Russell S. Baldwin, Assistant Attorney General, Jeff P. Burks and Mary Katherine Harvey, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

### I. Factual Background

On December 4, 1997, the appellant, Gregory Lynn Redden, entered Regions Bank in Franklin after business hours with the intent to take money. The appellant stole a total of $2. On January 12, 2000, pursuant to a plea agreement, the appellant pled guilty in the Williamson County Circuit Court to one count of burglary, a class D felony, and was sentenced as a Range III persistent offender to eleven years incarceration in the Tennessee Department of Correction. The plea

agreement further provided that the trial court would determine whether the appellant would serve this sentence concurrently or consecutively to the appellant's other outstanding sentences.

At the sentencing hearing, the appellant admitted that the pre-sentence report and the State's Notice of Enhancement correctly reflect his prior criminal convictions. The appellant testified that he was first convicted in Ohio, as a juvenile, of burglary and auto theft. Subsequently, as an adult, the appellant was convicted in Springfield, Missouri, in 1982, of possession of marijuana, for which he was sentenced to two years of unsupervised probation. In 1982, while on probation for the Missouri offense, the appellant committed first degree burglary in Norfolk, Virginia. The appellant also admitted that he committed armed robbery in Pinellas, Florida, while on probation for the Virginia offense. The appellant further testified that in 1986 he burglarized ten to twelve banks in Northern Ohio, which resulted in a federal conviction. The appellant was sentenced to fourteen years incarceration in Leavenworth for the federal offenses. The appellant also conceded that in 1986 he was convicted of second degree burglary in Greene County, Misssouri. The Missouri trial court ordered the appellant's sentence for burglary to run consecutively to the federal sentence. Additionally, the appellant was convicted in Greene County, Missouri, of escaping from jail, and the Missouri court ordered that sentence to run concurrently with the Missouri burglary sentence. On August 30, 1997, the appellant was released on parole to a halfway house. At the sentencing hearing, the appellant admitted that he committed the instant offense, as well as the burglaries in Robertson, Rutherford, and Bedford Counties, in early December, 1997, while on parole for the federal offenses. Moreover, on June 11, 1998, the appellant was convicted of escaping from jail in Davidson County, Tennessee.

Subsequent to the appellant's testimony at the sentencing hearing, the trial court noted that the appellant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood. Additionally, the trial court stated that, because the appellant's history reflected that the appellant consistently returned to criminal activity after release from custody, the appellant should be confined in order to protect society from further criminal acts by the appellant. The trial court also found that the appellant had committed the instant offense while on parole from a previous felony conviction; therefore, the trial court noted that it was required to impose consecutive sentencing for the instant offense. Accordingly, the trial court ordered the appellant to serve the sentence imposed in this matter consecutively to the appellant's unserved sentences in Greene County, Missouri, in the United States District Court in the Northern District of Ohio, and in Robertson County, Tennessee. On appeal, the appellant raises the following issue for our review: whether the trial court erred in ordering the appellant to serve his sentence in this case consecutively to his other outstanding sentences.

## II. Analysis

-2-

The appellant contends that the trial court erred by stating that it was required to order that the appellant's sentence for burglary be served consecutively to all his unserved sentences.[1] This court reviews the length, range, or manner of service of a sentence de novo. Tenn. Code Ann. § 40-35-401(d)(1997). Moreover, if the record reveals that the trial court correctly took sentencing principles and all relevant facts and circumstances into consideration, we will accord the trial court's determinations a presumption of correctness. Id.; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Furthermore, the appellant bears the burden of demonstrating to this court the impropriety of his sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

In the course of our de novo review, this court will consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the defendant in his own behalf; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102,-103,-210 (1997). See also Ashby, 823 S.W.2d at 168. Because the record reflects that the trial court did not consider the sentencing principles when sentencing the appellant but instead proceeded directly to his pronouncement of the appellant's sentence, our review is de novo without a presumption of correctness.

> Tenn. R. Crim. P. 32(c)(3) provides:
> Where [an appellant] is convicted of multiple offenses from one trial or where the [appellant] has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
> (A) To a sentence for a felony committed while on parole for a felony;
> . . . .
> (D) Any other ground provided by law.

It is undisputed that the appellant was on parole for the federal offenses when he committed the offense in this case. In fact, at the sentencing hearing the appellant admitted that he was on parole for the federal offenses at the time of the instant offense, noting that the balance of his sentence was approximately three years. Accordingly, the trial court correctly stated that it was required to order the appellant's current sentence to run consecutively to all the appellant's other sentences. State v. Buchanan, No. M1999-00980-CCA-R3-CD, 2000 WL 226409, at *4 (Tenn. Crim. App. at Nashville, February 29, 2000) perm. to appeal denied, (Tenn.2000); see also State v.

---

[1] The appellant only contests the consecutive nature of his sentences; he does not contest the length of his sentence.

Coggins, No.01C01-9310-CR-00360, 1994 WL 390445, at *8 n.5 (Tenn. Crim. App. at Nashville, July 28, 1994).

Nevertheless, even if the trial court were not required to order the appellant's current sentence to run consecutively to the appellant's other sentences, the appellant nonetheless meets the criteria for permissive consecutive sentencing. Tenn. Code Ann. § 40-35-115(b)(1997) provides that a trial court may impose consecutive sentencing if the appellant meets one of the criteria contained therein. Moreover, if the trial court classifies the appellant as a dangerous offender, the court must also find that the sentence reasonably relates to the severity of the appellant's offenses and that confinement is necessary to protect society from further criminal conduct by the appellant. See State v. Lane, 3 S.W.3d 456, 460-61 (Tenn. 1999); State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995).

In the present case, the trial court concluded that the appellant's livelihood came from engaging in criminal behavior. Tenn. Code Ann. § 40-35-115(b)(1). The record reflects that the appellant often engaged in criminal behavior, namely burglary and larceny, shortly after each release from incarceration. See State v. Davis, W1999-02113-CCA-R3-CD, 2000 WL 298746, at *6 (Tenn. Crim. App. at Knoxville, March 15, 2000) perm. to appeal denied, (Tenn. 2000). Additionally, the appellant testified that he used money from at least one of the burglaries to pay rent and buy Christmas presents. Moreover, because the trial court did not find that the appellant was a dangerous offender, the trial court was not obligated to apply the Wilkerson factors. Lane, 3 S.W.3d at 460-61. Accordingly, we conclude that the trial court properly ordered the appellant to serve the sentence for the instant offense consecutively to his unserved sentences.

### III. Conclusion
Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE